UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | |
|---|---|
| ROBERT JAMES TAYLOR, *Pro Se*, ) | Case No.: 3:18 CV 834 |
| ) | |
| Petitioner ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| STATE OF OHIO, ) | |
| ) | |
| ) | MEMORANDUM OF OPINION |
| Respondent ) | AND ORDER |

*Pro Se* Petitioner Robert James Taylor has filed a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 in which he challenges a June 21, 2017 conviction in the Van Wert County Court of Common Pleas. (Doc. No. 1.)

Pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases under § 2254, a federal district court is required to examine a *habeas corpus* petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If so, the district court must summarily dismiss the petition. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

Upon review, the Court finds the Petition must be summarily dismissed. An application for a writ of *habeas corpus* under § 2254 may not be granted unless it appears that the petitioner has exhausted all "remedies available in the courts of the State." 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (*per curiam*). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

Here, the Petition does not indicate Petitioner has raised the grounds he seeks to raise in his Petition on direct appeal in the Ohio courts. Such review may be available and must be sought in order to exhaust state-court remedies. Accordingly, regardless of the merits of Petitioner's claims, this action is dismissed without prejudice to Petitioner's re-filing upon a demonstration of full exhaustion of his state-court remedies. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

April 18, 2018